RIVERA ET AL., DEMANDANTES Y APELANTES, *v.* THE JUNCOS CENTRAL COMPANY, DEMANDADA Y APELADA.

APELACIÓN procedente de la Córte de Distrito de Humacao en pleito sobre reivindicación.

No. 2688.—Resuelto en diciembre 12, 1922.

DOMINIO POR PRESCRIPCIÓN—POSESIÓN EN CONCEPTO DE DUEÑO—PRESCRIPCIÓN EXTRAORDINARIA.—En Puerto Rico para que una persona pueda adquirir por

prescripción el dominio sobre una propiedad, es necesario que ella y sus causantes hayan adquirido y disfrutado la posesión en concepto de dueños, aun cuando se trate de la prescripción extraordinaria.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. R. López Antongiorgi y R. Guillermety.*

Abogado de la apelada: *Sr. F. González.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los demandantes son los herederos de José Rivera Carrión y trataron de probar que la demandada, The Juncos Central Company, estaba en posesión de una finca rústica que pertenecía a su causante y por tanto que había pasado a ellos por herencia.

Celebrado el juicio la corte de distrito declaró probado que la propiedad de la cual estaba la demandada en posesión, era la misma que los demandantes pretendían reivindicar. La demandada, como apelada en esta corte, alegó que no había sido establecida la identidad de la finca, pero tanto las conclusiones de la corte como la prueba establecen el hecho a favor de los demandantes.

La corte de distrito dictó sentencia en favor de la demandada fundada al parecer en dos motivos: primero, que los demandantes no justificaron o probaron su posesión de la finca, y segundo, que la prescripción extraordinaria de treinta años había corrido a favor de dicha demandada. La corte declaró probado y la prueba tendió a establecer, que el causante adquirió esta finca en el año 1872, y por tanto la presunción ordinaria de continuidad conferiría el título a los demandantes. *Fulladosa* v. *Castro,* 27 D. P. R. 702; *Gandía* v. *Porto Rico Fertilizer Co.,* 28 D P. R. 555; y la posesión civil sería necesariamente consecuencia. También declararon los demandantes tendente a acreditar que estaban en posesión, aunque dado su título y posesión civil no tenían dichos demandantes que probar la posesión física de la finca.

Cualquiera que reclame en oposición a ellos tendría que probar un título a su favor.

Esto trató de hacerlo la demandada. Probó que hubo traspasos de personas en la posesión material y que su posesión databa de más de treinta años. Los demandantes insisten en que esta persona fué un mero tenedor, o que poseyó con consentimiento de los demandantes. No tenemos necesidad de fundar nuestra decisión en la certeza de esta alegación de los demandantes toda vez que la prueba no demostró la naturaleza de la posesión de la persona de quien la demandada alegó derivar su título. Prácticamente nada se probó con excepción de que esta persona estaba en la finca desde muchos años antes cultivándola. No hubo prueba de que esta persona poseyera la finca en sentido adverso, o en concepto de dueño. Tal vez la siguiente cita de 2 C. J., página 125, hará más claro el punto:

"Con excepción de un número limitado de decisiones en las que se emplea un lenguaje del cual podría inferirse una regla contraria, y de pocas otras basadas en estatutos especiales, las decisiones son prácticamente unánimes al efecto de que es esencial que se alegue el dominio o título para la adquisición de un título por posesión adversa. Como ya se ha expresado, es la intención de reclamar el título lo que hace adversa la posesión. No importa la continuada, exclusiva y hostil que en apariencia pueda ser la posesión respecto al verdadero dueño, no puede ser realmente adversa a menos que vaya acompañada de la intención por parte de la persona que la tiene de que así sea. Decir que la posesión ha de ser hostil 'es equivalente a expresar que ha de ser bajo un título aparente.' Sin embargo, no debe darse a este principio un alcance tal que infrinja otro principio aplicable a la posesión adversa 'de que una parte puede reclamar adversamente aunque sepa que su título es defectuoso, pero debe reclamar un derecho a la finca.'

"*Razón de la regla.*—La razón en que se funda la regla en ninguna parte ha sido más claramente expresada que en una opinión de la Corte Suprema de los Estados Unidos. Se dijo que 'La posesión *per se* no establece otra cosa que el mero hecho de la actual ocupación con derecho, pues la ley no presumirá un mal; y que la

posesión es tan compatible con un derecho actual, por virtud de un arrendamiento por años, o por términos indefinidos, como en el dominio completo. Por tanto, como consecuencia de la naturaleza misma del caso, ha de depender de las circunstancias colaterales que es lo que constituye la calidad y alcance del derecho reclamado por la parte y hasta ese punto y ese únicamente existirá la presunción legal a su favor.' "

El texto principal, o sea, la posesión en concepto de dueño, es igualmente la regla en Louisiana. *Clemens* v. *Meyer,* 44 La. Ann. 390; *Simon* v. *Richard,* 42 La. Ann. 842; *Stille* v. *Shull,* 41 La. Ann. 816; *Spivey* v. *Wilson,* 31 La. Ann. 653.

Que una persona debe poseer en concepto de dueño es la ley en Puerto Rico. Artículo 449 del Código Civil. Véase también el caso de *Calvet et al.* v. *Martin et al.* 29 D. P. R. 644.

Ni tampoco nos satisface la prueba presentada en este caso en cuanto a una posesión no interrumpida como exige el artículo 1860 del Código Civil. La posesión parecía ser por un período limitado.

La demandada no puede descansar en su adquisición de una persona que tenía su título inscrito puesto que el título de los demandantes había sido inscrito anteriormente. Artículos 33 y 34 de la Ley Hipotecaria. *Ayllón et al.* v. *González et al.,* 28 D. P. R. 67, y casos citados; *Ménéndez* v. *Cobb et al.,* 28 D. P. R. 775; *Sucesión de Torres* v. *Torres,* 29, D. P. R. 909; *King* v. *Fernández,* 30 D. P. R. 592.

Una de las cosas que se pedía en esta demanda era que los demandantes fueran declarados herederos de su alegado causante. Quiénes son los herederos que han justificado su derecho para ser declarados tales herederos es un hecho que según el estado de los autos debe ser resuelto por la corte sentenciadora.

Debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.