QUINTANA & BORGES, demandante y apelante, *v.* RAFAEL PORRAS y JUANA MARTÍN, demandados y apelados.

No. 5130.—*Sometido:* Diciembre 10, 1930. *Resuelto:* Diciembre 16, 1930.

*Angel Arroyo Rivera, E. Rincón Plumey,* abogados del apelante; *L. Toro Cabañas y Luis Ríos Algarín,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de la apelación de una resolución dictada después de sentencia. Según se desprende de la opinión emitida por la corte inferior, la demandante Quintana & Borges, una sociedad civil, trató de exigir el cumplimiento de un contrato

sobre entrega de un *truck* y realmente embargó el mismo. La teoría del caso era que dicho *truck* pertenecía a Rafael Porras. En realidad, según demuestra la opinión, la propiedad pertenecía a Juana Martín, quien había estado viviendo con Porras. La acción contra Rafael Porras y Juana Martín fracasó en vista de que nunca había habido una venta del *truck*.

Después de dictada la sentencia, Rafael Porras compareció ante la corte y solicitó que el vehículo fuese devuelto a los demandados y que se les indemnizara por la retención del mismo. La corte inferior ordenó la devolución del *truck*, así como que la demandante pagara a los demandados la cuantía que éstos pudieran reclamar en el pleito contra la demandante en relación con el aludido *truck*. La orden de la corte fué dictada *ex parte*. La demandante acudió a la corte y por varias razones trató de anular la resolución y la corte se negó a ello. Se apeló.

Uno de los motivos principales del recurso es que la sentencia misma resolvió que la propiedad pertenecía a Juana Martín y no a Rafael Porras y que por tanto la corte carecía de autoridad para ordenar la devolución. Entonces se hizo necesario a este tribunal examinar las alegaciones para determinar realmente cuál era la relación existente entre las partes. Al examinar los autos no hallamos copia de la demanda, de la contestación, ni del embargo. Por tanto, no tenemos ante nos unos autos adecuados sobre los cuales considerar ésta y otras cuestiones suscitadas por la apelante. La opinión y sentencia de la corte copiadas en los autos no son suficientes antecedentes.

Sin embargo, si los autos fuesen suficientes y pudiéramos descansar en la opinión de la corte solamente, no obstante, se demostró que la resolución meramente ordenaba la devolución del vehículo a los demandados. *Non constat* que el *truck* fuera o pudiera ser devuelto a Juana Martín.

Creemos que la insuficiencia de los autos es aplicable a los otros señalamientos de error presentados por la apelante.

Sin unos autos que lo demuestren, no podemos decir que fuera necesaria una notificación, y, de todos modos, la corte oyó al apelante sobre la moción para dejar sin efecto la resolución. Hemos tenido algunas dudas respecto a una cuestión, a saber, que la corte dijo que los demandados podrían recobrar de la demandante cualquier suma que les fuera concedida en otro pleito. Esto tal vez estaba fuera de cualquier jurisdicción concebible de la corte. Empero, como a este respecto la resolución fué real y substancialmente nula y no podía obligar a la demandante en otro pleito, el error, de haberse cometido, no fué perjudicial.

*Debe confirmarse la resolución apelada.*