ZENÓN PÉREZ, demandante y apelado, *v.* ANTONIO MARTÍNEZ, demandado y apelante.

No. 5119.—*Sometido:* Noviembre 18, 1930. *Resuelto:* Abril 14, 1932.

*Fernando B. Fornaris,* abogado del apelante: *E. Martínez Avilés,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El demandado en este pleito ha interpuesto la presente apelación contra la sentencia que lo condena a pagar al demandante cierta cantidad de dinero como indemnización por la muerte de un hijo suyo.

El único motivo alegado para sostener el recurso es que el tribunal inferior cometió grave error en la apreciación de la prueba siendo por tanto la sentencia contraria a derecho; motivo que en un alegato suplementario se subdivide en varios aunque todos referentes al enunciado primeramente.

Un muchacho llamado Marcelino Pérez, de 13 a 14 años de edad según un testigo, y de 17 a 18 según otro, estaba una mañana sentado con otro muchacho en una alcantarilla de la carretera de Camuy a Quebradillas y al pasar una carreta de bueyes le pidieron permiso al carretero Nicolás Franquis para que los dejara montar en ella y echar dos latas de agua para ir a la pluma, lo que les fué concedido: se sentaron ambos en la carreta, en la parte trasera de la misma, con las piernas colgando y de espalda a los bueyes; la carreta caminaba por su derecha con una rueda en el afirmado embreado de la carretera y con la otra en el paseo que usan los viandantes, yendo Marcelino Pérez en el extremo cercano a la cuneta; en esa situación vieron ambos muchachos que también por la derecha caminaba el ómnibus del demandado a mucha velocidad, bajando una pendiente y en dirección a la carreta gritando entonces Marcelino Pérez "¡Ay, que la guagua (ómnibus) nos rompe las piernas!" y se tiró de la carreta en cuyo momento fué cogido por el ómnibus que le dió un golpe del que cayó al suelo pasándole luego sus ruedas sobre la cabeza al desviar el ómnibus hacia su izquierda, que después tropezó con el eje de la rueda izquierda de la carreta; Marcelino Pérez murió en seguida quedando parte de su cuerpo en el paseo y la otra en el afirmado; el ómnibus paró

después a unos cien metros de distancia y la carreta a unas dos o tres varas del sitio en que quedó tendido Marcelino Pérez; el otro muchacho se subió a la carreta y nada sufrió. Tal es la teoría de la demanda y de su prueba.

La teoría y prueba del demandado fué que al llegar el ómnibus a poca velocidad cerca de la carreta, caminando ésta por su derecha y la guagua por la izquierda, por el centro de la carretera, aunque uno de sus testigos dijo que iba detrás de la carreta, se tiró Marcelino Pérez de la carreta y trató de cruzar la carretera yendo a chocar con el ómnibus y recibiendo el golpe del cual murió.

Ese conflicto de la evidencia lo decidió el tribunal inferior dando crédito a la prueba del demandante.

■ El razonamiento del error alegado es que resulta físicamente imposible que los hechos hayan ocurrido en la forma en que los relatan los testigos del demandante, pues si Marcelino Pérez fué cogido por el ómnibus en el momento en que descendió de la carreta debía aquel vehículo estar muy cerca de ella y necesariamente debió tropezar con la parte posterior de la carreta o con su izquierda cuando hacia ese lado desvió el ómnibus, lo que no ocurrió.

Para poder llegar a la conclusión de que era físicamente imposible que el ómnibus tuviera que tropezar con la parte posterior de la carreta o con su izquierda después de matar a Marcelino Pérez y al tratar de desviar hacia la izquierda, son necesarias ciertas medidas exactas que no están en estos autos por las cuales hubiese que concluir que dada la poca distancia entre el sitio del accidente y el en que en ese momento se encontraba la carreta tenía necesariamnte que tropezar con ella el ómnibus y de que no era posible que el último se desviase de la derecha para su izquierda sin tropezar con la carreta. Consta en autos el ancho y largo del ómnibus pero no las medidas de la carreta ni la distancia exacta a que se encontraba del sitio en que fué muerto el muchacho para poder decir con certeza que tenía necesariamente que tropezar con la carreta y que por no haber ocu-

rrido tal cosa no pasaron los hechos como dice la prueba del demandante; pues si bien un testigo declaró que la carreta paró a dos o tres varas del sitio en que quedó muerto el muchacho, eso fué una apreciación del testigo y no una medida exacta y los hechos han demostrado que debió ser algo mayor la distancia toda vez que el ómnibus no tropezó con la parte trasera de la carreta y que pudo virar hacia la izquierda sin chocar con la parte de ese lado de dicho vehículo. Por eso no estamos en condiciones de sostener esa contención del apelante.

■ El otro aspecto tratado por el recurrente es que según la prueba del apelado la muerte de Marcelino Pérez ocurrió por su culpa y negligencia al abandonar un sitio seguro como era la carreta, pues el otro muchacho no sufrió daño alguno, por otro peligroso como resultó ser el que ocupó cuando descendió de la carreta.

No puede exigírsele a una persona que está en peligro, sobre todo si es un muchacho, que acierte con el medio de evitarlo. No es negligente la persona que tratando de evitar un peligro en circunstancias como las de este caso se coloca en una posición más peligrosa. Así, cuando por la negligencia de otro se ve compelida una persona a elegir instantáneamente entre dos peligros, no será culpable de negligencia aunque el que haya escogido resulte en su daño y hubiera escapado de él eligiendo el otro. 45 C. J. 965. En este caso el peligro era inminente según la prueba y no podía razonablemente saberse *a priori* cuál era el medio más eficaz para evitar el peligro, si abandonando la carreta o subiéndose en ella. Si como se deduce del grito de Marcelino Pérez y de la conducta del otro muchacho subiéndose en la carreta el ómnibus iba a chocar con la carreta, quizá la mejor solución en aquel momento para evitar el choque era tirarse de dicho vehículo y no esperar en ella las consecuencias del choque, aunque *a posteriori* resultó peor y que no hubo tal colisión. Por consiguiente, no podemos sostener que Marcelino Pérez fué negligente.

*Por lo expuesto la sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.