LA IGLESIA CATÓLICA, APOSTÓLICA Y ROMANA DE PUERTO RICO, demandante y apelada, *v.* MARGARITA COLLAZO, demandada y apelante.

No. 6218.—*Sometido:* Enero 19, 1934. *Resuelto:* Noviembre 13, 1934.

*A. Arnaldo Sevilla* y *A. Arnaldo, Jr.,* abogados de la apelante; *José Sabater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La demandada interpuso esta apelación contra la sentencia que declaró con lugar la demanda y sin lugar la contrademanda, dictada en apelación al conocer del caso procedente de la Corte Municipal de San Germán.

La Iglesia Católica, Apostólica y Romana de Puerto Rico, representada por su obispo diocesano Monseñor Luis Willinger, es la parte demandante y Margarita Collazo es la demandada.

La demandante alega ser dueña de una finca de dos cuerdas de terreno cuya descripción hace, radicada en el poblado del Rosario del término municipal de San Germán; que Margarita Collazo ocupa parte de esa finca, o sea un solar que también describe, en el que ha fabricado a sus expensas una casa de maderas cuyo valor es de $200; que no paga cantidad alguna por el uso de ese solar y que se niega a desocuparlo y a retirar de él la expresada casa, por lo que solicita sentencia que declare que la demandante tiene derecho

a hacer suya dicha casa previo pago a la demandada del valor de la misma, debiendo desalojar el solar.

La demandada se opuso a esa reclamación, alegando como defensa haber adquirido el dominio del solar por prescripción de más de treinta años y formuló contrademanda en la que exponiendo que el solar vale $400 interesa que se declare inexistente el título de propiedad de la demandante a las dos cuerdas de terreno. Al contestar esa contrademanda admitió la demandante la alegación del valor del solar. La sentencia decretó que la demandante indemnizase a la demandada el valor de dicha edificación que la corte fijó en la suma de $200, cuyo importe deberá ser consignado en la Corte Municipal de San Germán, una vez firme la sentencia, a disposición de la demandada, la que deberá dejar libre y expedita dicha edificación a la libre disposición de la demandante; y en caso de que se negare a ello que se proceda a su lanzamiento.

■ Hace más de un siglo que los esposos Vicente Ramos y Florencia Ramírez otorgaron escritura el 17 de abril de 1830 ante el escribano real y público de San Germán don Manuel Segundo Cano, por la cual hicieron donación a la Ermita de Nuestra Señora del Rosario de una finca de dos cuerdas de terreno, cuya descripción hicieron, radicada en el poblado del Rosario, donde se halla la Ermita de Nuestra Señora del Rosario. Esa escritura no ha sido presentada en este pleito pero sí lo fué en el año 1894 al Registrador de la Propiedad de San Germán por don Francisco Ranero, Presbítero y cura foráneo de la parroquia del Rosario, la que originó desde hace más de treinta y seis años la inscripción primera de dicha finca de dos cuerdas a favor de la Ermita del Rosario. De la inscripción que de esa escritura fué hecha en ese año no aparece, como dice la apelante, que conste que la donación no fué aceptada por la Ermita. Por consiguiente, toda la argumentación de la apelante respecto a la nulidad de la donación por falta de su aceptación carece de base.

También alega la apelante que el título de adquisición de

la Ermita por donación es inexistente porque el 17 de abril de 1830 la Ermita carecía de capacidad para adquirir la finca de dos cuerdas por ninguna clase de título de acuerdo con una ley de 11 de octubre de 1820 que estaba entonces en vigor. Es cierto, como puede verse en Scaevola, Código Civil, tomo 1, pág. 320, que según el artículo 15 de esa ley a las iglesias y a otras comunidades religiosas consideradas como manos muertas se les prohibió adquirir bienes algunos inmuebles en provincia alguna de la monarquía, ni por testamento, ni por donación, compra, permuta, etc., ni por título alguno lucrativo u oneroso; pero también es cierto que, aparte de que no se ha demostrado que esa ley decretada para las provincias de España fuera hecha extensiva a esta isla, el real decreto de primero de octubre de 1823 declaró nulos y sin ningún valor todos los actos decretados por las cortes desde el 7 de marzo de 1820 hasta el primero de octubre de 1823, como puede verse en la colección de decretos de 1823, tomo 7, página 147, publicada por don Fermín Martín de Balmaseda, que tenemos en nuestra biblioteca. A ese decreto se refiere la sentencia del Tribunal Supremo de España que se encuentra en la Jurisprudencia Civil, tomo 8, pág. 244. Por consiguiente, al ser hecha la donación en el año 1830 a la Ermita de Nuestra Señora del Rosario ésta no estaba impedida de adquirir por ese título, por lo que no erró la corte inferior al declarar que dicha Ermita es dueña de la finca de dos cuerdas de terreno, cuyo título está inscrito hace treinta y seis años.

██ Para poder adquirir bienes inmuebles por prescripción es necesario siempre que la posesión de ellos haya sido a título de dueño, aunque se trate de la prescripción extraordinaria por más de treinta años, como declaró este tribunal en el caso de la *Iglesia Católica contra El Pueblo,* 11 D.P.R. 485. Margarita Collazo está ocupando con su casa desde hace más de treinta años el solar que forma parte de la finca de dos cuerdas de la demandante. A eso se ha limitado su

posesión sin que haya probado acto alguno que demuestre que poseía en concepto de dueña. Ella pagaba contribución por la casa pero no por el solar: ella aceptó recibos de contribución de su casa en que se dice que el solar es propiedad de la iglesia; ella inscribió en el registro de la propiedad la posesión de su casa mas no del solar; y en distintas ocasiones ella ha reconocido que ese solar es de la propiedad de la Ermita del Rosario, como aparece del pleito de desahucio que contra ella siguió dicha ermita, por lo que no puede declararse adquirido por prescripción dicho solar.

*Por lo expuesto la sentencia apelada debe ser confirmada.*