MARINO TORRES TORRUELLAS, demandante y apelado, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante. ALLAH TORRES TORRUELLAS, demandante y apelado, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

Núms. 6952 y 6953.—*Sometidos:* Abril 2, 1936. *Resueltos:* Febrero 24, 1937.

*Hon. Procurador General B. Fernández García (Jesús A. González, Procurador General Interino, en el alegato) y Angel C. Calderón, Subprocurador, abogados del apelante; J. J. Ortiz Alibrán, abogado de los apelados.*

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Estudiaremos conjuntamente estos recursos por estar envueltas en ellos las mismas cuestiones. Cada demanda contiene dos causas de acción. La primera causa de acción en

la que dió origen al recurso núm. 6952 se establece como sigue:

"1.—El demandante es un contribuyente a favor de El Pueblo de Puerto Rico, por contribuciones sobre ingresos, y el demandado, Manuel V. Domenech, lo es en su carácter de Tesorero de Puerto Rico.

"2.—El demandante es un 'ciudadano de Puerto Rico' tal como lo define la Sec. 2, inciso 7 de la Ley núm. 74 de Contribuciones sobre Ingresos de 6 de agosto de 1925, con domicilio permanente en Puerto Rico, siendo residente *bona-fide* en y antes del año 1926, y hasta el momento presente, de la ciudad de Ponce, Puerto Rico, Calle Villa núm. 9 el cual domicilio no ha perdido en ningún momento.

"3.—Después de presentada por el demandante su declaración de ingresos del año de 1926, y pagada la contribución que le fué impuesta, el demandado le tasó e impuso determinada contribución en concepto de deficiencia por el referido año 1926, de la cual protestó ante la Junta de Revisión, el cual organismo determinó el ingreso neto del demandante en la cantidad de $4,275.84; que no estando conforme el demandante, con la resolución de la Junta, solicitó reconsideración y fué ésta denegada, liquidando entonces el demandado una contribución ascendente a $171.16 que pagó bajo protesta en Nov. 28 de 1933, según recibo núm. 87 (a) que se une a esta demanda y se hace formar parte de la misma.

"4.—Que el demandante está obligado a pagar únicamente por los ingresos determinados por la Junta, como ciudadano de Puerto Rico residente en Puerto Rico, y en concepto de deficiencia por su año contributivo de 1926, la cantidad de $34.37, habiéndosele impuesto y cobrado en exceso la suma de $136.79 por haber sido considerado erróneamente por el demandado como ciudadano de Puerto Rico no residente la cual suma se reclama en esta primera causa de acción."

La segunda causa de acción se refiere a la contribución sobre ingresos correspondiente al año 1927. La demanda en el recurso núm. 6953 con la excepción del nombre del contribuyente es igual a la del 6952. Ambos contribuyentes son hermanos.

Contestando las demandas, negó el demandado que los demandantes fueran ciudadanos de Puerto Rico y que residieran en la Isla, aceptó los hechos relativos al cobro de la contribución y al pago bajo protesta de parte de la misma, pero negó que el cobro fuera ilegal, afirmando que se hizo

de acuerdo con el estatuto por no residir los contribuyentes demandantes en la Isla de Puerto Rico.

Trabada así la contienda, fué el pleito a juicio. Se practicó prueba y la corte exponiéndola y analizándola en su opinión concluyó que los contribuyentes demandantes tenían su residencia permanente en el Estado de Nueva Jersey pero eso no obstante como eran ciudadanos de Puerto Rico y de los Estados Unidos y no podían establecerse diferencias entre ciudadanos de Puerto Rico y de los Estados Unidos residentes y no residentes, tenían derecho al beneficio que para los residentes acordaba la ley, y en su consecuencia declaró la demanda con lugar.

De la opinión de la corte transcribimos:

"Los demandantes son ciudadanos de Puerto Rico y de los Estados Unidos, que residen en East Orange, New Jersey, Estados Unidos de América, y les es aplicable la exención que se concede a los ciudadanos residentes de Puerto Rico, porque de otro modo se establecería una desigualdad (discrimen) entre ciudadanos de Puerto Rico y de los Estados Unidos residentes y no residentes en Puerto Rico y los Estados Unidos continentales. La contribución fué impuesta a virtud de la sección 12 de la Ley de Contribuciones sobre Ingresos núm. 74 de 1925, que en texto inglés lee como sigue:

" 'There shall be levied, collected and paid for each taxable year upon the net income of every individual a normal tax of 6 per centum of the amount of the net income in excess of the credits provided in Section 18; except that in the case of a *resident of Puerto Rico* the rate upon the first $4,000 of such excess amount shall be 2 per centum, and upon the next $4,000 of such excess amount shall be 4 per centum.'

"La anterior disposición fué tomada de la Sección 210 (a) de la Ley Federal de Rentas de 1924, que lee como sigue:

" 'In lieu of the tax imposed by section 210 of the Revenue Act of 1921, there shall be levied, collected, and paid for each taxable year upon the net income of every individual (except as provided in subdivision (b) of this section) a normal tax of 6 per centum of the amount of the net income in excess of the credits provided in Section 216, except that in the case of a *citizen or resident of the United States* the rate upon the first $4,000 of such excess amount

shall be 2 per cent, and upon the next $4,000 of such excess amount shall be 4 per centum.''

''Comparadas ambas secciones podrá observarse que la frase 'citizen or' de la Ley Federal fué omitida en nuestra Ley y que donde dice 'resident of United States', se cambió por 'resident of Puerto Rico'. Es claro, de acuerdo con la Ley Federal, que los ciudadanos o residentes de los Estados Unidos, dondequiera que se hallen dentro de la Unión, tienen derecho a la exención y no parece que sobre ello exista opinión en contrario. Como Puerto Rico es un territorio organizado de los Estados Unidos, de interpretarse la ley en el sentido en que lo ha hecho el Tesorero de Puerto Rico de negar la exención a los demandantes, ciudadanos de Puerto Rico y de los Estados Unidos por el hecho de residir en East Orange, New Jersey, Estados Unidos de América, o sea dentro de la Unión, se violaría la Constitución Federal y la Ley Orgánica de Puerto Rico al negarse a un ciudadano de los Estados Unidos y de Puerto Rico la protección igual de las leyes.

'' 'The scheme of the Federal Constitution was to unite the people of the various states in one Federal citizenship, and to put an end to those local discriminations and impositions by one state upon the citizens of another state, which had so seriously impaired the efficiency of the government under the Confederation. *Paul* v. *Virginia,* 8 Wall, 168, 180, 19 L. ed. 357, 360.' ''

No conforme el demandado apeló. Sostiene en su alegato que la corte erró al resolver que los contribuyentes demandantes eran ciudadanos de Puerto Rico y de los Estados Unidos en 1926 y 1927 y lo son en la actualidad y al decidir que por tal motivo tenían derecho a la exención que concede la sección 12 de la Ley núm. 74 de 1925 (pág. 401).

■ ■ Al discutir el primer error los apelados sostienen que no hay base para considerarlo porque la transcripción elevada por el apelante no contiene la de las pruebas. Y así es en efecto. No importa que dichas pruebas se expongan y analicen por el juez en su opinión. La opinión de la corte no es el medio autorizado por la ley para elevar la evidencia practicada en un juicio a la corte de apelación. No cabe equipararla a un pliego de excepciones, a una relación de pruebas, a una exposición del caso o a una transcripción de evidencia.

Ahora bien, ¿es éste un caso en el que las pruebas son necesarias para resolverlo? Lo es porque los demandantes apelados alegaron que eran ciudadanos de Puerto Rico residentes en la Isla y la corte resolvió que eran ciudadanos de Puerto Rico y de los Estados Unidos pero que no residían en la Isla, sosteniendo el demandado apelante que la evidencia no es suficiente para concluir que los demandantes eran tales ciudadanos. Además aún cuando pudiera concluirse que los demandantes no eran ciudadanos, habría que examinar la prueba a los efectos de determinar si demostraba o no su alegada residencia en la Isla.

El segundo error se funda en la existencia del primero. Tampoco puede ser considerado y resuelto.

*En tal virtud deben declararse sin lugar los recursos y confirmarse las sentencias apeladas.*