PEDRO, CELESTINO, TOMÁS, LUCAS, FELÍCITA y JUANA, todos de apellido VERDEJO, demandantes, apelantes y apelados, *v.* BERNARDO LECUMBERRI, hoy su Sucesión, etc., demandada, apelada y apelante.

Núm. 7924. *Sometido:* Febrero 1, 1940. *Resuelto:* Octubre 24, 1940.

*Carlos D. Vázquez* y *Virgilio Brunet,* abogados de los apelantes y apelados; *Damián Monserrat, Jr.,* abogado de la apelada y apelante.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Ambas partes apelan de una sentencia por la suma de $500 dictada en pleito de daños y perjuicios. Nos referiremos a ellas como demandantes y demandados.

Los demandantes sostienen que la corte de distrito cometió error:

Al no conceder daños punitivos.

Al fijar los daños en la suma de $500.

Al no conceder honorarios de abogado.

Al rebajar de $50 y $15 respectivamente a la suma de $2 en cada caso las dos partidas contenidas en el memorándum de costas para el pago de los honorarios de dos peritos.

En apoyo de su negativa a conceder daños punitivos el juez de distrito citó de 17 C. J. 989, párrafo 289, al efecto de que:

"Como los daños punitivos se conceden a manera de castigo al transgresor y no en forma de compensación, éstos no pueden subsistir una vez muerta la persona culpable."

El presente recurso fué iniciado contra Bernardo Lecumberri, quien murió luego de haberse radicado su contestación, pero antes del juicio. Los demandantes se conforman con

citar de la monografía 47 al texto citado por el juez de distrito lo siguiente:

"1. La responsabilidad de la viuda y de los herederos de un finado con motivo de una transgresión cometida por éste, no cubre los daños punitivos a menos que se iniciara el pleito antes de la muerte del finado. *Edwards* v. *Ricks,* 30 La. Ann. 926."

"2. Aunque a tenor del párrafo 2525 del Código una causa de acción por daños y perjuicios subsiste después de la muerte de la persona que los produjo, sin embargo, toda vez que la ley civil nunca impone castigo vicario, no se pueden conceder otros que no sean daños compensatorios en contra de los representantes de esa persona. *Sheik* v. *Hobson,* 64 Iowa 146, 19 N. W. 875."

"3. No es posible obtener daños punitivos contra los herederos de un finado por incumplimiento de promesa matrimonial. *Johnson* v. *Levy,* 122 La. 118, 47 S. 422, 16 Ann. Cas. 978."

Se presume que la sentencia de la corte de distrito es correcta.

Sin hacer por ahora una investigación independiente de la cuestión, no estamos dispuestos a alterar el resultado.

La prueba de daños y perjuicios fué floja y no hallamos que se cometiera error en la fijación de los mismos.

Tampoco hallamos abuso de discreción al dejar el juez de distrito de incluir honorarios de abogado al conceder las costas.

El artículo 327 del Código de Enjuiciamiento Civil tal cual fué enmendado en 1937 (Ley núm. 94 de 1937, Leyes de ese año, pág. 239) incluye "$2 por cada testigo y por cada día de asistencia a la corte, más millaje para ida y vuelta a su residencia." No se hace excepción alguna en favor de peritos. Si debe hacerse o no tal excepción es cuestión que incumbe al poder legislativo.

Los demandados sostienen que la corte de distrito cometió error:

Al no declarar con lugar la excepción previa de falta de causa de acción, presentada al terminarse la vista del caso.

Al dictar sentencia declarando con lugar la demanda.

Al condenarles al pago de la suma de $500 más las costas.

522

La excepción fué una dirigida a la prueba, es decir, una moción de *nonsuit*. El juez de distrito se reservó su decisión y luego de haber los demandados ofrecido su prueba dictó sentencia en favor de los demandantes. La médula del argumento es que no hubo prueba de daños. Ya hemos dicho que la prueba era floja. El juez de distrito admitió esto. Hemos leído la transcripción de la evidencia. A nuestro juicio hubo lo suficiente para sostener la sentencia.

Los señalamientos segundo y tercero tal cual han sido presentados en el alegato de los demandados son corolarios del primero.

*La sentencia apelada debe ser confirmada.*