SUCESIÓN DE PETRONA RIVERA, ETC., demandantes y apelantes, *v.* ANASTACIO MANSO, demandado y apelado.

Núm. 8946.—*Sometido:* Noviembre 9, 1944. *Resuelto:* Marzo 8, 1945.

646

R. *Rivera Correa*, abogado de los apelantes; *J. Ramírez Viñas*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Éste es un pleito de reivindicación de un condominio equivalente a la tercera parte de una finca de 8.10 cuerdas. Los demandantes constituyen la Sucesión de Petrona Rivera, a través de la cual reclaman dicha propiedad.[1] El deman-

---

[1] Los demandantes determinan su alegado título como sigue: La finca originalmente era de la sociedad de gananciales de Bernardo Rivera y su esposa, María de los Santos Romero. Bernardo falleció, dejando como herederos a su viuda y a dos hermanos, Martín y Jacinto. Luego murió Martín, dejando como heredero a Jacinto. Cuando falleció Jacinto, dejó como herederos a sus tres hijos legítimos, uno de los cuales era Petrona Rivera. Los demandantes, ocho de los cuales son hijos legítimos de Petrona Rivera y tres sus nietos, reclaman por tanto una tercera parte de la mitad de la finca, perteneciente originalmente a Bernardo como su participación en la sociedad conyugal. De esta manera, los demandantes establecen su derecho a una sexta parte de la finca.

Asimismo, a la muerte de María de los Santos Romero, dejó tres sobrinas, una de las cuales era Petrona Rivera, quien heredó de esta manera una tercera parte de la otra mitad de la finca, perteneciente originalmente a María de los Santos Romero. Esto establece la base para que los demandantes reclamen otra sexta parte de la propiedad.

dado contestó, alegando que había heredado dicha finca de su padre, y que tanto él como su padre habían estado en posesión de dicha finca en calidad de dueños por más de treinta años. También interpuso como defensa especial que tenía derecho a un pequeño condominio en la finca. Después de un juicio en los méritos, la corte de distrito dictó sentencia a favor del demandado. Esta es una apelación contra dicha sentencia.

■ Los demandantes señalan como error el haber la corte de distrito resuelto como cuestión de hecho que aunando ambos períodos de posesión, el del padre y el del hijo, éstos estaban en posesión adversa de la finca en calidad de dueños por más de 30 años.[2] Hemos examinado cuidadosamente la transcripción de evidencia, y no encontramos motivo para alterar esta conclusión de la corte inferior. En verdad, aun sin hacer referencia a la extensa prueba de la demandada, la corte de distrito estuvo justificada en llegar a esta conclusión, basada en la declaración de los propios testigos de los demandantes.

■ Seguidamente alegan los demandantes que la corte inferior cometió error al negarse a aplicar a los hechos de este caso el artículo 1865 del Código Civil. Dicho artículo lee como sigue: "No prescribe entre coherederos, condueños o propietarios de fincas colindantes la acción para pedir la partición de la herencia, la división de la cosa común o el deslinde de las propiedades contiguas."

Pero ésta no es una acción entablada por un coheredero, condueño o propietario de la finca colindante para pedir la partición de la herencia, la división de la cosa común o el

[2] Artículo 1859, Código Civil, Edición 1930; *Teillard* v. *Teillard*, 18 D.P.R. 562, 567; *Sucesores de Lampón* v. *Sucesores de Rivera*, 16 D.P.R. 339, 345. Véanse también *Rivera et al.* v. *The Juncos Central Company*, 31 D.P.R. 264; *González* v. *Roqué*, 47 D.P.R. 522; *Iglesia Católica* v. *Collazo*, 47 D.P.R. 636; *Rivera* v. *Santiago*, 56 D.P.R. 381; Manresa, Comentarios al Código Civil Español, Vol. 12, págs. 843-4. Y véase también el artículo 1860 del Código Civil, en cuanto al derecho del hijo de aunar la posesión de su padre a su propio período de posesión.

deslinde de propiedades contiguas. Por tanto claro es que el artículo 1865 no es de aplicación al presente pleito de reivindicación de finca.

■ Sin embargo, aunque no se desprende claramente de su alegato, inferimos que los demandantes también asumen la posición de que entre coherederos no se puede adquirir el título por prescripción. Pero esta corte ya lo ha resuelto en contrario en un caso en que los hechos eran casi exactos a los del presente caso. Siempre y cuando que la posesión sea adversa y en concepto de dueño, hemos resuelto que un coheredero o condueño puede adquirir por prescripción el título a la cosa común. *Fernández* v. *Patxot,* 11 D.P.R. 567, 570–71.

■ Añadimos que, a tenor con la doctrina establecida en el caso de *Patxot,* aún en el supuesto de que se considerase este caso como uno de división entre condueños, tampoco prosperaría. La Corte Suprema de España ha resuelto que la disposición del artículo 1865 (artículo 1965 del Código Civil Español) al efecto de que las acciones entre condueños por la cosa común no prescriben, está basada en la posesión continua de consuno; por tanto, cuando un condueño o coheredero retiene la propiedad en cuestión en exclusiva posesión adversa en concepto de dueño durante el necesario período prescriptivo, no es de aplicación el artículo 1865. Sentencia de 22 de junio de 1904, 98 J. C. 652; Sentencia de 15 de enero de 1902, 93 J. C. 76; Sentencia de 6 de junio de 1917, 140 J. C. 534; Manresa, supra, Vol. 12, págs. 858–9. 'Véase también Enciclopedia Jurídica Española, Vol. 25, págs. 443–4. Parece razonable este resultado a la luz del artículo 1831 de nuestro Código Civil de que ''Pueden adquirir bienes o derechos por medio de la prescripción las personas capaces para adquirirlos por los demás modos legítimos''. Véase Manresa, supra, Vol. 12, págs. 723–4.

■■ El siguiente error señalado se refiere a la actuación de la corte de distrito al admitir en evidencia como

*exhibit* un documento de venta de dos o más cuerdas de la finca envuelta en este caso por María de los Santos Romero a Francisco Manso, padre del demandado. Pero la corte de distrito falló el caso a favor del demandado por el fundamento de prescripción extraordinaria, por lo cual no es necesario título alguno. Por tanto es innecesario inquirir en el valor probatorio de la escritura, y su admisión no pudo ser error perjudicial. De igual manera, la corte de distrito no cometió error al conceder permiso al demandado para conformar su contestación a la evidencia contenida en dicha escritura (Regla 15(*b*) de las Reglas de Enjuiciamiento Civil).

*La sentencia de la corte de distrito será confirmada.*