ISIDRO, ANTONIO y SANTOS ESCALERA CALDERÓN ET AL., demandantes y apelantes, *v.* PEDRO R. ARMENTEROS Y OTROS, demandados y apelados.

Número 10587.

*Sometido:* 26 de agosto de 1952. *Resuelto:* 28 de octubre de 1952.

*Guillermo S. Pierluisi,* abogado de los apelantes; *L. E. Dubón, R. García Cintrón, L. Ríos Algarín, F. Fornaris, Jr., y Jaime Pieras, Jr.,* abogados de los apelados Pedro R. Armenteros y María E. Maldonado; *L. E. Dubón, William Guzmán García y Cipriano Olivieri,* abogados de la apelada Josefina Puigdollers; *Lionel Fernández Méndez y M. Orraca Torres,* abogados del apelado José Ramón Quiñones; *D. Guerrero Noble,* abogado de los apelados Segismundo Quiñones, Hilda García y Arturo González; *Pedro Amado Rivera,* abogado de Sylvia Torres; *Francisco L. San Miguel,* abogado del apelado Gerardo Pabón; *Martín Martell y Modesta Cajigas,* apelados, *pro se.*

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 21 de abril de 1948 los menores Isidro, Antonio y Santos Escalera Calderón, representados por su madre con

patria potestad Josefa Calderón Vda. de Escalera, instaron contra Josefina Puigdollers López, José Ramón Quiñones, Segismundo Quiñones, Pedro R. Armenteros, María E. Maldonado, Martín Martell, Modesta Cajigas, Sylvia Torres, Gerardo Pabón, Hilda García y Arturo González, Jr., demanda sobre nulidad de procedimiento ejecutivo sumario, reivindicación y daños y perjuicios. En su primera causa de acción alegaron ser condueños de dos fincas que describen bajo las letras "A" y "B", por haberlas heredado de su padre Vicente Escalera Cruz y de su tía Demetria Escalera Cruz; que Agapito Escalera Isidrá falleció el 28 de marzo de 1911, bajo testamento en que declaraba como únicos y universales herederos a su viuda Nicolasa Calderón Verdejo y a sus hijos Natalia, Ana, Antonio, Matías y Florentino Escalera Calderón, así como a sus nietos Demetria y Vicente Escalera Cruz en representación de su finado padre, Tomás Escalera Calderón, hijo del testador; que por escritura pública otorgada en 29 de noviembre de 1910 Nicolasa Calderón Verdejo y su esposo Agapito Escalera Isidrá constituyeron hipoteca por la suma de $2,000 a favor de la demandada Josefina Puigdollers López sobre la finca marcada con la letra "A", por el término de un año; que vencida la hipoteca la acreedora instó para su cobro un procedimiento ejecutivo sumario, sin que en el escrito inicial se alegara la muerte de Agapito Escalera Isidrá y requiriéndose de pago únicamente a su viuda Nicolasa Calderón Verdejo; que al enterarse la acreedora de que Escalera Isidrá había muerto, mediante moción de 26 de abril de 1912 solicitó se incluyera como parte demandada, y se requiriera de pago, a los herederos del causante nombrados Natalia, Ana, Antonio, Matías y Florentino Escalera Calderón; que librado el requerimiento y no habiéndose efectuado el pago dentro del término de rigor la demandante solicitó se decretara la subasta de los bienes hipotecados, y así se hizo, adjudicándose la buena pro a Antonio Puigdollers Soler, mandatario verbal de la acreedora, por la suma de

$1,000; que en 18 de octubre de 1912 Josefina Puigdollers López inscribió su título en el registro de la propiedad; que de la inscripción en éste practicada aparece claramente que los menores Vicente y Demetria Escalera Cruz no fueron partes en el procedimiento ejecutivo; que la finca letra "A" fué agrupada con otras por la adjudicataria y por ésta vendida en 14 de abril de 1925 a Antonio Puigdollers Soler, quien en 15 de diciembre de 1926 la vendió a José Ramón Quiñones, representado éste por su apoderado Segismundo Quiñones; que Quiñones vendió en 30 de septiembre de 1938 la aludida propiedad a Pedro R. Armenteros y su esposa María E. Maldonado; y que el procedimiento ejecutivo sumario (Civil núm. 5458) es nulo, entre otros motivos, porque los menores Vicente y Demetria Escalera Cruz, nietos del deudor hipotecante, no fueron citados ni requeridos de pago.

Como segunda causa de acción adujeron que después de terminado el procedimiento ejecutivo la acreedora radicó dentro del mismo una moción titulada "Acción en Cobro de Dinero", dirigida al márshal de la Corte de Distrito, señalando como bienes de la propiedad de los deudores la finca marcada letra "B; y que del acta de subasta llevada a efecto el día 25 de abril de 1913 aparece que el márshal vendió en pública subasta esa finca a Antonio Puigdollers Soler, apoderado de la acreedora hipotecaria, por la suma de $500. Exponen entonces los motivos por los cuales, a su juicio, la venta y adjudicación de esa finca a la demandante fué nula; y solicitan finalmente se declare nulo e inexistente el procedimiento ejecutivo sumario, así como la llamada "Acción en Cobro de Dinero" seguida dentro del mismo, y nulas también las inscripciones efectuadas en el Registro de la Propiedad a favor de Josefina Puigdollers López y de las personas que hubieron las referidas fincas con posterioridad a ésta; se decrete la reivindicación a su favor de dichas propiedades y se les concedan daños y perjuicios.

A esa demanda Josefina Puigdollers López, Segismundo Quiñones, José Ramón Quiñones, Pedro R. Armenteros y Ma-

ría E. Maldonado interpusieron ciertas defensas de derecho que fueron declaradas sin lugar y que a los fines de las cuestiones que, como veremos más adelante, están ante nuestra consideración, es innecesario reseñar en detalle. Esos mismos demandados contestaron oponiéndose a la demanda[1] y más tarde radicaron sendas mociones solicitando se dictara sentencia sumaria a su favor. En ellas alegaron fundamentalmente que de la faz de la demanda aparece que el procedimiento ejecutivo sumario terminó el 23 de agosto de 1912, cuando se celebró la venta en pública subasta y se adjudicó la finca hipotecada a Josefina Puigdollers López, por lo que en la fecha de la radicación de la demanda (21 de abril de 1948) cualquier causa de acción que pudieran tener los demandantes estaba prescrita, a tenor de lo dispuesto por el artículo 1864 del Código Civil (sic)[2]; que de la faz de la demanda aparece además que los demandados durante más de 35 años han estado en posesión de las referidas fincas, en concepto de dueños, quieta, pública, pacíficamente y sin interrupción; que asimismo se desprende de la faz de la demanda que cualquier causa de acción para recobrar los frutos, rentas o productos de las fincas, está prescrita; y que su moción se funda en los autos del caso civil núm. 5458; en copia certificada de la escritura de 23 de agosto de 1912, sobre venta judicial, otorgada por el márshal a favor de la demandada Puigdollers López; en copia certificada de la escritura de compraventa otorgada en 6 de octubre de 1917 por Rafael Ojeda Martínez a favor de la demandada Puigdollers López; en copia certificada de la escritura de 7 de septiembre de 1923, sobre agrupación de fincas; en copia certificada

---

[1] Los demandados Martín Martell, Modesta Cajigas, Sylvia Torres, Gerardo Pabón, Hilda García y Arturo González, Jr., no se han personado en autos, ni aparece que su rebeldía haya sido anotada.

[2] Este artículo, a nuestro juicio, no es aplicable. El mismo, en lo esencial, provee: "La acción hipotecaria prescribe a los veinte años, . . .". Aquí no se trata de una acción hipotecaria sino de una demanda en que se solicita se declare nulo el procedimiento ejecutivo sumario.

de la escritura número 167, otorgada por los herederos de Agapito Escalera Isidrá, sobre Liquidación y División de la Herencia de éste; en certificación expedida el 16 de junio de 1948 por el Registrador de la Propiedad de San Juan; y en declaraciones juradas suscritas por Josefina Puigdollers López, José Ramón Quiñones y Pedro R. Armenteros.

En un escrito sin jurar, firmado por Josefa Calderón Vda. de Escalera, los demandantes se opusieron a las mociones sobre sentencia sumaria presentadas y alegaron, primordialmente "que en este caso no cabe duda que existe una controversia de hechos esenciales que deben ser juzgados por la corte, y los demandantes no vienen obligados a presentar contraaffidavits, pues como hemos visto las declaraciones juradas presentadas por los demandados en esta acción, no han destruído las alegaciones esenciales de la demanda, y por consiguiente, pueden descansar en las mismas, y siendo ello así, los demandantes no vienen obligados a acompañar contraaffidavits a esta oposición a que se dicte la sentencia sumaria solicitada, ya que la Regla 56 dispone que la sentencia sumaria puede solicitarse con o sin affidavits o deposiciones".  También sostuvieron en ese escrito que la acción por ellos ejercitada no está prescrita, [3] toda vez que la prescripción no corre contra lo inexistente, y solicitan se dicte sentencia por las alegaciones a su favor.

En relación con las referidas mociones el tribunal a quo dictó en 18 de enero del pasado año una resolución (sic) en la que, luego de relatar ciertas alegaciones esenciales de la demanda y de referirse a los fundamentos de las mociones que tenía ante su consideración, meramente indicó "que no hay controversia real en cuanto a ningún hecho material, que los demandados tienen derecho, como cuestión de ley, a una sentencia a su favor, desestimando en todas sus partes la de-

---

[3] Al hacer semejante aseveración los demandantes se refieren sin duda a la acción de nulidad del ejecutivo sumario.

manda presentada." (⁴)   En igual fecha y por idénticos motivos dictó sentencia declarando sin lugar la demanda y condenando a los demandantes al pago de las costas y de $200 de honorarios de abogado. (⁵)

Sostienen los demandantes en apelación que el tribunal a quo erró: (1) al declarar con lugar la moción sobre sentencia sumaria, fundándose en que no existía una controversia real en cuanto a ningún hecho material; (2) al resolver que la acción sobre nulidad estaba prescrita; (3) al resolver asimismo que la acción reivindicatoria estaba prescrita; y (4) al declarar que ellos carecían de causa de acción para reclamar los frutos y rentas de las propiedades a que se refiere la demanda, por haber prescrito dicha acción.

■■ De conformidad con lo prescrito por la Regla 56 (*b*) "Una parte contra la cual se haya formulado una reclamación, . . . podrá, en cualquier momento, presentar una moción, basada o no en affidavits, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la misma." Acogiéndose precisamente a lo así dispuesto fué que los demandados solicitaron del tribunal dictara la sentencia que sirve de objeto a la apelación que está ahora ante nos.   Sus respectivas mociones, como hemos visto, estuvieron acompañadas de los autos del caso en el procedimiento

(⁴) En *Gaztambide* v. *Sucn. Ortiz,* 70 D.P.R. 412 dijimos a la pág. 425 que "El propósito de la Regla 56 es acelerar el procedimiento de aquellos pleitos en que realmente no existe una controversia genuina de hecho a ser juzgada"; y en *Hettinger & Co.* v. *Tribunal de Distrito,* 69 D.P.R. 137 manifestamos que, copiando del sumario, "Procede una sentencia sumaria sólo cuando de los affidavits acompañados tanto en apoyo de, como en oposición a, la moción sobre tal sentencia no queda ningún hecho material en controversia.   Si quedare alguno, o existiera una disputa *bona fide* de hechos entre las partes, la corte debe abstenerse de dictar tal sentencia." Véase también *Hernández* v. *Caraballo,* 72 D.P.R. 673.

(⁵) De los autos aparece que en 31 de enero de 1951 los demandantes solicitaron la reconsideración de la sentencia, mas como en primero de febrero del mismo año apelaron para ante nos de la sentencia dictada en su contra privaron al tribunal a quo de jurisdicción para conocer de su moción y la misma no ha sido, desde luego, resuelta.   Véase *Guilhon & Barthelemy* v. *Corte,* 64 D.P.R. 303.

ejecutivo sumario, de varias escrituras públicas, de una cer-
tificación librada por el Registrador de la Propiedad y de
declaraciones juradas suscritas por varios de los demanda-
dos comparecientes.  Los demandantes se limitaron a opo-
nerse a lo solicitado.

Es innecesario resolver en este recurso si la acción sobre
nulidad del procedimiento ejecutivo sumario había prescrito.
Véanse, sin embargo, *Gaztambide* v. *Sucn. Ortiz*, 70 D.P.R.
412, 426; *Costas* v. *G. Llinás & Co.*, 66 D.P.R. 730, 741; *Sucn.*
*Trías* v. *Porto Rico Leaf Tobacco Co.*, 50 D.P.R. 91, 95; *Or-*
*tiz* v. *McCormick Steamship Co.*, 57 D.P.R. 560; *Martorell*
v. *Crédito y Ahorro Ponceño*, 42 D.P.R. 655; *Mollá* v. *McK.*
*Jones*, 41 D.P.R. 911; *Cortés* v. *Díaz*, 31 D.P.R. 454.  Cf.
*Cruz* v. *Ramos*, 70 D.P.R. 715, 719.  Tampoco es menester
decidir si por razón del tiempo transcurrido la acción reivin-
dicatoria alegada en la demanda y la subsidiaria de daños
y perjuicios ya no podían ejercitarse.  Cf. *Ex parte Reyes;*
*Rodríguez, Opositora*, 68 D.P.R. 854; *Sucn. Rivera* v. *Manso*,
64 D.P.R. 645; *Annoni* v. *Sucn. Nadal*, 59 D.P.R. 640; *Cal-*
*derón* v. *Sociedad de Auxilio Mutuo*, 42 D.P.R. 414, 420; *Vi-*
*ves* v. *Sucn. Amorós*, 34 D.P.R. 174; *Rivera* v. *The Juncos*
*Central Co.*, 31 D.P.R. 264; *Buil* v. *Banco Popular*, 69 D.P.R.
254, 266; *Capó* v. *A. Hartman & Cía.*, 57 D.P.R. 196, 201;
artículo 1871 del Código Civil, ed. 1930;  Manresa, Código
Civil, Vol. 12, ed. 1951, pág. 949;  Colin y Capitant, Derecho
Civil, ed. 1943; pág. 277;  Diccionario Recopilado por Saenz
Hermua, Vol. 2, pág. 417.  Ello es así porque, según hemos
indicado, las mociones sobre sentencia sumaria presentadas
se fundaron en declaraciones juradas de los propios promo-
ventes y en abundante prueba documental, y en los del pre-
sente no figuran los autos del caso civil número 5458 seguido
ante la antigua Corte de Distrito de San Juan, ni la certifi-
cación del Registro de la Propiedad de 16 de junio de 1948,
acompañados a dichas mociones.  A los apelantes incumbía
elevar esos documentos y colocar a este Tribunal en condicio-
nes de determinar si el tribunal a quo actuó o no correcta-

mente al resolver que no tenía ante sí ninguna controversia real de hechos, y por ende, al declarar con lugar las mociones sobre sentencia sumaria y desestimar la demanda. *Marrero* v. *Olmeda,* 69 D.P.R. 217, 222; *Rivera* v. *Cancel,* 68 D.P.R. 365, 368; *Torres* v. *Sancho Bonet,* 51 D.P.R. 17; *Vázquez Prada* v. *Santos,* 44 D.P.R. 440; *Pérez* v. *Martínez,* 43 D.P.R. 348; *Quintana & Borges* v. *Porras,* 41 D.P.R. 617. No lo han hecho así y tenemos que presumir que el juez sentenciador estuvo en lo cierto al actuar en la forma en que lo hizo. *Verdejo* v. *Lecumberri,* 57 D.P.R. 519; *Fernández* v. *Pastoriza,* 43 D.P.R. 896.

A mayor abundamiento, de la propia faz de la demanda se desprende que Agapito Escalera Isidrá falleció bajo testamento, dejando como únicos y universales herederos, entre otros, a sus nietos Demetria y Vicente Escalera Cruz, de quien emana el supuesto derecho de los demandantes; que Demetria y Vicente para aquel entonces tenían 17 y 14 años de edad, respectivamente, y "comparecieron en ese acto representados por su madre con patria potestad, Doña Francisca Cruz Cepeda, . . .". De la demanda no se desprende con la claridad deseada, sin embargo, el acto a que comparecieron dichos menores ni qué fué lo que en el mismo se hizo en relación con los derechos hereditarios de ellos. Empero, de la escritura número 167 sobre Liquidación, División y Adjudicación de Bienes, otorgada en 4 de octubre de 1911 que, conforme se ha indicado, acompañó a las mociones sobre sentencia sumaria, se desprende de la manera más perspicua que a la misma compareció Francisca Cruz Cepeda, por su propio derecho como heredera y sucesora de su hija Demetria Escalera Cruz y además como representante legal de su hijo Vicente Escalera Cruz, de 19 años de edad; que Agapito Escalera Isidrá falleció el 28 de marzo de 1911 y que en su testamento instituyó como sus únicos y universales herederos a las personas mencionadas en la demanda; que Demetria Escalera Cruz falleció con posterioridad a Escalera Isidrá; que el capital líquido repartible de la herencia

dejada por éste ascendió a $3,473.86; y que tanto a Demetria como a Vicente Escalera Cruz correspondieron $289.48 y en pago de sus hijuelas se les adjudicó, a cada uno, un condominio de $200 en el valor total de $1,120 en la finca relacionada en primer término en el inventario. (6)

La finca descrita en primer término en el inventario lo era un solar compuesto de 485.25 metros cuadrados. Su descripción no coincide en forma alguna con la que de la finca "A" se hace en la demanda. Como esta última fué la única objeto del procedimiento ejecutivo sumario, y en ella según la citada Escritura de Liquidación los demandantes no tenían participación alguna, ellos carecen de personalidad para demandar en relación con la misma. Por tal motivo su demanda podía ser desestimada.

*Debe confirmarse la sentencia apelada.*

---

(6) La diferencia, ascendente a $89.48, según se hizo constar en dicha escritura, sería satisfecha a Demetria y Vicente por Antonio y Florentino Escalera Calderón.