María Nazaria González Rivera, et als., demandantes y apelantes, *v.* Sucesión de Francisco Roqué, et als., demandados y apelados.

No. 6378.—*Sometido:* Junio 17, 1934.  *Resuelto:* Septiembre 29, 1934.

*C. Domínguez Rubio,* abogado de los apelantes; *Monserrat & Monserrat,* abogados del apelado Sr. Cruz.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

La demanda en este caso se radicó en la Corte de Distrito de Guayama el 22 de julio de 1930. Fué entablada por la viuda y los herederos de José María González contra los herederos de Francisco Roqué y contra Manuel Cruz. Ejercítanse en ella dos causas de acción: la reivindicatoria y la de daños y perjuicios.

Sus alegaciones, en resumen, son así: González casó con la demandante Nazaria en 1869 y procreó con ella nueve hijos. Durante el matrimonio adquirió por compra dos porciones de terreno, una de ochenta y otra de sesenta y cinco cuerdas, y por herencia otra de cincuenta. Murió en julio 16, 1893. En 1895 su viuda a nombre de la Sucesión tramitó en el Juzgado Municipal de Aibonito un expediente posesorio de dichas tres porciones que medidas resultaron contener ciento setenta y cinco cuerdas. El expediente fué aprobado y se inscribió en el Registro de la Propiedad de Guayama en noviembre de 1895. Algún tiempo después de muerto González, Francisco Roqué se apoderó de una porción de ochenta y tres cuerdas de dicha finca y en 1905 tramitó a su favor un expediente posesorio haciendo constar falsamente que había adquirido el terreno de la Sucesión González por adjudicación en pago en agosto de 1899. El expediente fué aprobado e inscrito en el registro. En junio 9, 1906, Roqué vendió las tierras por escritura pública al demandado Cruz, que desde entonces las posee, falleciendo en 1912 y siendo sus actuales herederos sus hijos y nietos que en la demanda se nombran.

Alegan además los demandantes que la Sucesión González no tramitó testamentaría ni expediente de necesidad y

utilidad para verificar la adjudicación; que a la fecha de la supuesta adjudicación eran menores de edad siete de los hijos de González; que tal adjudicación no se hizo, no teniendo ni siquiera noticia de ella los demandantes, actuando Roqué de mala fe, y que el comprador Cruz sabía o pudo saber por el Registro que el título de Roqué era falso, constándole además personalmente que había menores en la Sucesión, siendo requerido luego varias veces para que devolviera la finca.

Eso en cuanto a la primera causa de acción. En cuanto a la segunda se alega que el demandado Cruz ha recibido beneficios de la finca ascendentes a cinco mil dólares.

Los demandados herederos de Roqué fueron emplazados y no comparecieron. Se les declaró rebeldes. El demandado Cruz se defendió negando los hechos de la demanda que podían perjudicarle y alegando, en resumen, que compró de quien en el Registro aparecía como dueño y que no había percibido los beneficios reclamados. Como defensas especiales adujo: la falta de hechos suficientes para determinar las causas de acción ejercitadas; la prescripción ordinaria que preceptúan los artículos 1931, 1841 y 1858 del Código Civil; la prescripción extraordinaria que autorizan los artículos 1831, 1860 y 1861 del propio cuerpo legal, y la prescripción de las acciones ejercitadas por los demandantes de acuerdo con los artículos 1268 y 1864 del referido Código Civil.

Fué el pleito a juicio practicándose una larga prueba testifical y documental y la corte finalmente dictó sentencia declarando la demanda sin lugar con las costas a los demandantes. Apelaron éstos y han archivado un alegato muy elaborado en el que discuten minuciosamente todas las cuestiones envueltas.

Hemos examinado las alegaciones, la evidencia y los alegatos, y estamos convencidos de la justicia del fallo recurrido. Varios fundamentos lo sostienen. Nos limitaremos a referirnos por escrito a dos.

■■■■ La corte sentenciadora apreció en favor del demandado Cruz la concurrencia de la prescripción ordinaria, en los siguientes términos:

"El artículo 1831 del Código de 1911, equivalente al 1830 del vigente, copiado a la letra es como sigue:

" 'Por la prescripción se adquieren, de la manera y con las condiciones determinadas en la ley, el dominio y demás derechos reales.

" 'También se extinguen del propio modo por la prescripción los derechos y las acciones, de cualquier clase que sean.'

"El artículo 1841 del código de 1911 equivalente al 1840 del de 1930, declara:

" 'Para la prescripción ordinaria del dominio y demás derechos reales se necesita poseer las cosas con buena fe y justo título por el tiempo determinado en la ley.'

"El artículo 1858 del código de 1911, igual al 1857 del de 1930, establece:

" 'El dominio y demás derechos reales sobre bienes inmuebles se prescriben por la posesión durante diez años entre presentes y veinte entre ausentes, con buena fe y justo título.'

"Y finalmente el artículo 1841 del Código Civil vigente, establece que:

" 'La posesión ha de ser en concepto de dueño, pública, pacífica y no interrumpida.'

"Son pues, requisitos esenciales para la adquisición del dominio por prescripción los siguientes: posesión en concepto de dueño, pública, pacífica y no interrumpida, con buena fe y justo título, por el término de diez años entre presentes y veinte entre ausentes.

"Veamos si, de acuerdo con la prueba presentada, el demandado ha reunido en su posesión todos los requisitos exigidos por la ley, para que la misma pueda ser convertida en dominio. Según la prueba, el demandado Manuel Cruz adquirió la finca en cuestión, por título de compraventa, de Francisco Roqué, por escritura pública que lleva fecha 9 de junio de 1906, documento que fué inscrito debidamente en el Registro de la Propiedad. Tenemos, pues, a favor del demandado un título de compraventa que, de acuerdo con la ley y la jurisprudencia, es un título justo.

"En cuanto a la buena fe, ya hemos dicho que no sólo el adquirente de la sucesión González, Sr. Francisco Roqué, si que también el demandado Manuel Cruz, han actuado de buena fe en este caso, pues no se ha demostrado en modo alguno por la prueba presentada que ellos actuaran de una manera falsa y maliciosa en este

caso, mucho más aún tratándose del demandado que adquirió de persona que en el Registro de la Propiedad aparecía como dueña de la finca en cuestión.

"En cuanto a la posesión, toda la prueba demuestra que el demandado la tuvo en el concepto de dueño, pública y pacíficamente, ya que el hecho de existir algunas diferencias con respecto a las colindancias entre·él y alguno de los componentes de la sucesión González, no puede en modo alguno considerarse como una interrupción a la posesión.

"Y. habiendo transcurrido 24 años, un mes y 15 días a contar de la fecha en que el demandado Manuel Cruz entró en posesión de la finca y la fecha en que fué interpuesta la demanda, 24 de julio de 1930, es claro y evidente que ha transcurrido el término de diez años que exige la ley para adquirir por prescripción el dominio entre presentes y aún para adquirirlo entre ausentes.

"Entendemos, pues, que aun en el caso de que no pudiéramos dar al demandado el concepto o la condición de tercero hipotecario, él ha adquirido la finca a que se refiere la presente acción, por la prescripción ordinaria de diez años."

Pero aunque así no fuera, siempre habría que reconocer que el demandado Cruz es dueño de la finca por haberla adquirido a virtud de la prescripción extraordinaria que autoriza el artículo 1859 del Código Civil, edición 1930.

Que el causante de los demandantes tuvo en vida transacciones comerciales con Roqué, se admite por los propios demandantes, y que a consecuencia de ellas la sucesión quedó a deberle mil ciento doce pesos, es algo que la propia viuda demandante declaró ante el notario público Casimiro Morales en Cayey el 23 de octubre de 1893.

Pasó algún tiempo, la deuda no pudo ser satisfecha y vino la adjudicación de parte de las tierras para solventarla, todo con más de treinta años de anterioridad a la fecha de la interposición de la demanda.

Así consta no sólo del expediente posesorio tramitado por Roqué e inscrito a su favor en el registro desde 1905, si que de una abundante y convincente prueba de testigos que guarda relación estrecha con la evidencia documental aportada. Desde antes del ciclón de San Ciriaco estaba Ro-

qué en posesión, en concepto de dueño, pública y pacíficamente, de la porción adjudicada que fué mensurada desde entonces. Y cuando Roqué tramitó su expediente posesorio, no lo fué a espaldas de los demandantes. Consta que la viuda fué notificada y mostró su conformidad.

Querer sostener que no hubo deuda, ni adjudicación de hecho, ni posesión también de hecho por parte de Roqué desde por lo menos el año 1899, ni expediente posesorio tramitado con conocimiento de la sucesión que vivió siempre y aún vive en parte al lado de los terrenos en cuestión, es algo que resulta imposible en este caso.

Es sí un hecho cierto que para la adjudicación no se cumplió con el requisito esencial de la autorización judicial, ya que existían menores, falta de cumplimiento que hacía la adjudicación ineficaz en derecho. Pero los demandantes tardaron tanto en iniciar su pleito que cuando lo hicieron no sólo su acción había prescrito por el transcurso de más de treinta años, si que los demandados estaban en condiciones de oponer como opusieron victoriosamente un título adquirido en todo caso por la posesión en concepto de dueño disfrutada pública y pacíficamente primero por Roqué y luego por Cruz, también por más de treinta años, caso en el cual no es necesario detenerse a indagar siquiera si Roqué y Cruz actuaron de buena o de mala fe o con conocimiento o no del vicio de que adolecía la adjudicación.

"Por la prescripción se adquieren, de la manera y con las condiciones determinadas en la ley, el dominio y demás derechos reales", dice el artículo 1830 del Código Civil, edición 1930, y agrega el 1859 de la propia edición: "Se prescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes, salvo la excepción determinada en el artículo 546 de la segunda sección del Capítulo I, Título VII del Libro Segundo de este Código."

La excepción se refiere a que las servidumbres continuas

no aparentes, sólo podrán adquirirse en virtud de título, nuncá por prescripción.

Hubo por parte de los demandantes cierta prueba ten· dente a demostrar que la prescripción se había interrum pido por gestiones de los demandantes cerca del demandado Cruz a los efectos de que éste les devolviese la finca de que se trata, pero dicha prueba fué contradicha por Cruz, resolviéndose el conflicto en favor de éste sin que se haya demostrado que la corte actuara con pasión, prejuicio o parcialidad, o cometiera algún error manifiesto.

*Debe confirmarse la sentencia recurrida.*