MANUEL CARBÓ GORBEA y DOLORES y CONSUELO CARBÓ Y CARBÓ, demandantes y apelantes, *v.* JOSEFA PORTILLA, MATILDE CASTRO VDA. DE GORBEA; JOSÉ, PEDRO, GASPAR, RAFAEL, AURORA y MARÍA TERESA GORBEA CASTRO; JOSEFA y CONCEPCIÓN GORBEA GUZMÁN, por sí y como herederas de LAURA y ANGELES GORBEA GUZMÁN; MARÍA ESTHER GORBEA MONTERO y JORGE GORBEA RODRÍGUEZ, demandados y apelados.

Núm. 7521.—*Sometido:* Abril 27, 1938. *Resuelto:* Julio 28, 1938.

*A. Marín Marién,* abogado de los apelantes; *Angel A. Vázquez,* abogado de los apelados de apellido Gorbea comparecientes.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Los hechos de este caso son iguales a los que esta corte tuvo ante sí en el de *Sucn. Gorbea* v. *Portilla,* 46 D.P.R. 289, y de la opinión allí emitida los transcribimos:

"La casa alta Núm. 23, antes Núm. 25, de la calle del Santo Cristo esquina a la de San Francisco, llamada ahora Salvador Brau, en esta ciudad, era propiedad de Juan José Gorbea desde antes de 1845, pues el 15 de febrero de ese año sus herederos y los de su hermano José Ramón Gorbea otorgaron escritura ante notario en la que haciendo constar que aunque la expresada casa fué adjudicada a los padres de ambas sucesiones como herencia de su común madre Magdalena García, habían ellos convenido en documento privado que la casa fuese únicamente de Juan José Gorbea mediante cierta cantidad de dinero que pagó a su hermano, por lo que los herederos de José Ramón Gorbea reconocieron que los herederos de Juan José Gorbea eran los únicos dueños de ese inmueble. Los herederos del dueño Juan José Gorbea fueron nueve hijos, quienes en el mismo año 1845 constituyeron hipoteca sobre esa casa por 3,000 pesos a favor de la Real Hacienda para garantizar al hermano Manuel en el empleo de interventor de la aduana de Guayanilla para el cual fué nombrado; hipoteca que en junio del año 1870 fué ampliada a 8,000 escudos españoles para garantizar al mismo hermano como contador de rentas y aduana de Ponce. En octubre del mismo año ampliaron la hipoteca de la misma casa por la cantidad de 10,000 escudos españoles para garantizar a ese hermano como contador de rentas y aduana de Mayagüez. Esa hipoteca y sus ampliaciones fueron inscritas en el antiguo Registro. Muchos de los hijos de Juan José Gorbea murieron solteros y sin sucesión, heredándoles sus otros hermanos. Uno de esos hijos fué José Faus-

tino Gorbea, que ha fallecido, padre de algunos de los demandantes. y abuelo de dos de ellos. Otra hermana era Dominga Gorbea, que falleció con testamento en el que después de manifestar que era soltera y sin descendencia legítima o ilegítima y que por sus bienes le corresponde una parte en la casa a que venimos refiriéndonos, instituyó por único heredero suyo a José Severo Gorbea, expósito, a quien desde su infancia había tenido a su calor. Este José Severo Gorbea promovió en enero de 1893 un expediente posesorio de esa casa a su solo nombre como heredada de su madre Dominga Gorbea, y habiendo sido aprobado fué inscrita la finca a su favor sin perjuicio de tercero de mejor derecho. Al ser inscrito ese expediente posesorio se mencionaron la fianza hipotecaria que sobre ella pesaba y sus ampliaciones. Después de esa inscripción, fueron trasladadas en 1894 al nuevo registro la fianza hipotecaria y sus ampliaciones a que hemos hecho referencia, manifestándose en sus inscripciones 3 a., 4 a., y 5 a. que habían sido constituídas por los hermanos Gorbea, consignando los nombres de ellos, entre los que figuran José Faustino Gorbea y Dominga Gorbea. Estando subsistentes en el Registro las inscripciones de esos gravámenes, hechas a instancia del Comisionado de la Hacienda Pública, vendió José Severo Gorbea la casa como único dueño a Cesáreo Portilla el 22 de febrero de 1895, habiéndole manifestado antes los demandantes que no comprara la casa porque no era solamente de José Severo Gorbea pues ellos tenían una parte en ella por herencia de su padre José Faustino Gorbea. Muerto Cesáreo Portilla fué inscrita la casa en 1897 a nombre de su hija y heredera Josefa Portilla y posteriormente, 1899, fué cancelada la fianza hipotecaria y sus ampliaciones. Después de esos hechos fué anotada en el Registro de la Propiedad en 1899 una demanda de los ahora demandantes contra José Severo Gorbea y Josefa Portilla sobre el derecho que alegan tener como condueños sobre la finca y sobre nulidad del expediente posesorio; pleito que terminó, según admitió la demandada en su contestación a la quinta demanda enmendada, por sentencia de 1909 que declaró sin lugar la demanda como consecuencia de una alegación de falta de prueba por los demandantes (*nonsuit*). Desestimada el 20 de abril de 1921 la apelación interpuesta contra esa sentencia fué radicada al día siguiente la demanda original de este pleito.''

Es conveniente aclarar, porque ello sirve de base a uno de los errores señalados por los apelantes, que en el pleito entablado en 1899 contra Severo Gorbea y Josefa Portilla, a que se hace referencia en la relación de hechos que pre-

cede, figuraron como demandantes no sólo la sucesión de José Faustino Gorbea, si que también la de Manuel Nemesio Gorbea que en igual carácter comparece en .éste. Véase *Sucn. de Manuel Gorbea et al., demandantes y apelantes,* v. *José Severo Gorbea et al., demandados y apelados,* núm. 2444, que fué desestimado por este Tribunal Supremo en 21 de abril de 1921.

El día 1 de mayo de 1934, según certificación expedida por el secretario de la corte *a quo,* o el día 5 de junio de igual año, según resolución del juez, Manuel Carbó Gorbea y Dolores y Consuelo Carbó y Carbó, descendientes y herederos de Manuel Nemesio Gorbea, que componían entonces su sucesión, radicaron la demanda original de este pleito, en reclamación de una cuarta parte de la finca a que ya se ha hecho mención, y de los frutos correspondientes. En ·21 de agosto de 1934 radicaron una demanda complementaria y en 19 de octubre siguiente dos más, una complementaria y otra complementaria enmendada, ambas fechadas el 15 de octubre de 1934. El 12 de febrero de 1935 la corte de distrito sostuvo una excepción de prescripción formulada por los demandados contra dichas demanda enmendada y demanda complementaria y concedió a los demandantes un plazo de 10 días para enmendar, si podían. El 15 de aquel mismo mes radicaron otra demanda enmendada que a moción de los demandados fué eliminada de los autos por no contener enmienda alguna que subsanase los defectos de la anterior, concediendo al mismo tiempo un nuevo plazo de 10 días para enmendar. En 6 de mayo de 1935 los demandantes radicaron nueva demanda enmendada, y los demandados la misma excepción de prescripción que la corte por resolución de 11 de diciembre de 1935 declaró con lugar y concedió 10 días para enmiendas. Cerca de 14 meses contados desde el 11 de diciembre de 1935 pasaron los demandantes pidiendo prórrogas, para en 28 de enero de 1937 radicar demanda enmendada, que por no subsanar el defecto fatal de que adolecía la anterior, fué, por sentencia del día 1 de marzo

de 1937, eliminada, y ordenado el archivo y sobreseimiento del caso con imposición de costas a los demandantes, a quienes condenó también la corte a pagar $300 para honorarios de abogado. Esta sentencia fué enmendada con efecto retroactivo en 27 de marzo de 1937, para que tan sólo se entendiera archivado el caso en cuanto a los demandados que excepcionaron la demanda, a saber, Josefa y Concepción Gorbea Guzmán, por sí y como herederas de Laura y Angeles Gorbea Guzmán, y María Esther Gorbea Montero y Jorge Gorbea Rodríguez, quedando abierto el pleito en cuanto a los demandados Josefa Portilla, Matilde Castro viuda de Gorbea, José, Pedro, Gaspar, Rafael, Aurora y María Teresa Gorbea Castro, quienes se encontraban en rebeldía desde el mes de agosto de 1934.

Contra esa sentencia del día 1 de marzo de 1937, según fué enmendada en 27 de marzo de igual año, han interpuesto los demandantes recurso de apelación, señalando en el alegato los siguientes ocho errores:

"1. Error de sostener la excepción previa de prescripción adquisitiva del dominio, no obstante ser defectuosa la forma de esta alegación.

"2. Error de entender que de la faz de la demanda aparece que los demandados apelados adquirieron el dominio por prescripción extraordinaria.

"3. Error de concluir que el pleito iniciado en 1899 terminó en 1921 en cuanto a la sucesión de Manuel Nemesio Gorbea y que no produjo interrupción de prescripción por haber sido absuelta de la demanda la demandada en tal pleito.

"4. Error de sostener que los hechos alegados en la demanda no demuestran que hubo interrupción de la prescripción por reconocimiento hecho por el poseedor del derecho del dueño.

"5. Error de sostener que no hubo tal interrupción y según los hechos de la demanda por la demanda interpuesta por un condueño.

"6. Infracción de la doctrina del artículo 1849 del Código Civil de 1902.

"7. Error de dictar sentencia odenando la eliminación de la tercera demanda enmendada.

"8. Error de imponer las costas a los demandantes."

Sólo tenemos a la vista las demandas de fechas 6 de mayo de 1935 y 28 de enero de 1937. Son dos documentos sumamente confusos, preñados de alegaciones innecesarias y faltos de claridad en la expresión. A pesar de haber sido objeto de tanta enmienda, la del año 1937 es de tan difícil comprensión como la del 1935. No obstante procederemos a la discusión de los errores señalados en el alegato, que adolece de los mismos defectos de que están viciadas las demandas.

 Por el primero se objeta la forma en que fué alegada la prescripción. Las demandadas lo hicieron por excepción previa de falta de hechos redactada así:

"La demanda, tal como ha sido enmendada, no aduce hechos suficientes para determinar una causa de acción, pues de la faz de ella aparece, y así es en realidad, que los demandados ahora comparecientes han adquirido, por prescripción extraordinaria, el dominio de la totalidad de la finca objeto de este pleito, por la posesión continua de ellos y de los anteriores dueños, sin interrupción alguna, durante un período mayor de 30 años, de acuerdo con lo determinado en el art. 1860, en relación con los 1861, inciso 1º., 1831, primer párrafo, 1844, 1846 y 1847, inciso 3º., todos del Código Civil Revisado de 1902, equivalentes a los arts. 1859, 1860, 1830, 1843, 1845, y 1846 del Código Civil, edición de 1930."

Se quejan los apelantes de que no se invocara también el artículo 1841 del Código Civil, ed. 1930, que lee como sigue:

"Artículo 1841.—La posesión ha de ser en concepto de dueño, pública, pacífica y no interrumpida."

A nuestro juicio ello no era necesario. Citaron, entre otros artículos, el 1859 (*infra*) y alegaron expresamente que se trataba de la prescripción extraordinaria adquisitiva del dominio, lo que ampliamente informaba de la clase de defensa interpuesta. Los demandados pudieron, sí, haber suministrado a los demandantes una relación completa de todos los artículos del código que directa e indirectamente se relacionan, aunque remotamente con el 1859. Pero el que dejaran de hacerlo no les perjudica, si aportaron lo que era necesario.

"A nuestro juicio si bien debió alegarse de una manera más precisa el artículo de la ley en que se fundó la excepción de prescripción, en la forma en que se hizo se consignaron datos suficientes para plantear el problema jurídico y dicho problema fué bien entendido por la parte contraria, el demandante y apelante, y por la corte. Bajo tales circunstancias, opinamos que debemos prescindir de la cuestión de forma suscitada y resolver el recurso en su fondo— esto es, que estamos obligados a decidir si la acción ejercitada por el demandante había o no prescrito al tiempo de interponerse la demanda." *Orta* v. *Arzuaga et al.*, 23 D.P.R. 259, 263.

De modo, pues, que prescindiremos de la cuestión de forma para entrar en la de fondo, para lo cual agruparemos los errores 2, 3, 4, 5 y 6, que se pueden discutir conjuntamente.

 Dice el artículo 1859 del Código Civil, ed. 1930, que:

"Art. 1859.—Se prescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes, salvo la excepción determinada en el artículo 475, segunda sección, capítulo I, título VII, libro segundo, de este código."

Y alegan los demandantes en su demanda que en 25 de enero de 1893 José Severo Gorbea inició un expediente posesorio de la finca mencionada, obteniendo indebidamente del juzgado su aprobación e inscripción a su nombre en el registro de la propiedad en 31 de enero de 1893; que en 22 de febrero de 1895 la vendió a Cesáreo Portilla, quien falleció en 13 de mayo de 1896 pasando el inmueble por herencia a su hija, la aquí demandada, Josefa Portilla. Por último, que la posesión del condominio que en la finca reclaman ahora los demandantes pasó con otros condominios que totalizaban tres cuartas partes de ella, a los demandados Gorbea, por título de compra judicial, el día 5 de junio de 1934.

No hay duda alguna de que desde el 31 de enero de 1893, fecha en que José Severo Gorbea hizo inscribir a su nombre la finca, al día primero de mayo de 1934 en que los deman-

dantes radicaron la demanda original de este pleito, han transcurrido más de treinta años, pero como los demandantes alegan en su demanda que en 1899 iniciaron contra José Severo Gorbea y Josefa Portilla un pleito en unión de la sucesión de José Faustino Gorbea, reclamándoles un condominio de esta finca, se hace necesario investigar si dicho pleito tuvo el efecto de interrumpir la prescripción que los demandados invocan como defensa. Al efecto dicen los artículos 1845 y 1846 del Código Civil (ed. 1930), que:

"Art. 1845.—La interrupción civil se produce por la citación judicial hecha al poseedor, aunque sea por mandato de tribunal o juez incompetente.

"Art. 1846.—Se considerará no hecha y dejará de producir interrupción la citación judicial:

"1. Si fuere nula por falta de solemnidades legales.

"2. Si el actor desistiere de la demanda o dejare caducar la instancia.

"3. Si el poseedor fuere absuelto de la demanda."

Conocemos el resultado del pleito entablado en 1899 por las sucesiones de José Faustino y Manuel Nemesio Gorbea; la sentencia fué favorable a los demandados, pues en 21 de abril de 1921 recayó resolución de este Tribunal Supremo ordenando la desestimación del recurso de apelación que había sido entablado (véase supra). La citación judicial dejó pues de producir interrupción y ha de considerarse como no hecha. Hemos visto también que al día siguiente de desestimado ese recurso la sucesión de José Faustino Gorbea entabló el pleito a que se refiere la opinión emitida por esta corte, publicada en el volumen 46 de las Decisiones de Puerto Rico, página 288. Los aquí demandantes, por el contrario, aguardaron hasta el día primero de mayo de 1934 para hacer lo mismo, o sea para radicar la demanda original de este pleito. Así se explica que la sucesión de José Faustino Gorbea obtuviera una sentencia favorable y que la de Manuel Nemesio Gorbea tenga necesariamente que ser adversa. Véase *González* v. *Sucn. Roqué,* 47 D.P.R. 522.

El pleito iniciado en 1899 tan sólo tuvo el efecto de impedir que la acción reivindicatoria prescribiera, pues para ello sólo basta, de acuerdo con el artículo 1873 del Código Civil (ed. 1930), que se ejercite ante los tribunales. Pero como en este pleito no se trata de la prescripción extintiva de la acción, sino de la prescripción adquisitiva del dominio, la regla aplicable está contenida en el artículo 1845 del Código Civil, edición de 1930, ya citado, y no en el 1873. La prescripción adquisitiva del dominio y la prescripción extintiva de la acción son distintas, y distintas son también las reglas para su interrupción, según lo tiene ya resuelto este tribunal en *De Jesús* v. *De Jesús,* 37 D.P.R. 152, 154, donde se dijo:

"El Código Civil dedica un capítulo a la prescripción del dominio y demás derechos reales con determinadas reglas respecto a la interrupción de dicha prescripción; y otro capítulo a la prescripción de las acciones, que también contiene reglas para la interrupción de la prescripción de las acciones. Son dos distintas clases de prescripción: por la primera se adquiere un derecho que antes no se tenía; por la segunda prescriben las acciones que existían; por esto sus reglas son distintas y por eso las de la interrupción de la prescripción adquisitiva no pueden ser aplicadas a la interrupción de la extintiva, y así lo declaró el Tribunal Supremo de España en sentencia de 4 de enero de 1901 al decidir que lo dispuesto en el artículo 1964 (igual a nuestro artículo 1847) sobre que dejará de producir efecto la interrupción judicial de la prescripción adquisitiva cuando el actor desistiera de la demanda o dejare caducar la instancia, no surte el mismo efecto en la extintiva, 'porque ni la letra ni el espíritu del artículo 1937 (igual al nuestro 1874) permiten que tenga el alcance de que, en virtud de ella, pueda llegar a perderse la acción.' "

Quizá sea conveniente agregar que el pleito entablado por la sucesión de José Faustino Gorbea en el año 1921 (véase 46 D.P.R. 288) interrumpiendo el período prescriptivo no favorece a estos demandantes porque el condominio de una cuarta parte reclamado por la sucesión de José Faustino Gorbea en dicho pleito no es el condominio reclamado ahora por los demandantes Carbó.

712

■ Veamos ahora el efecto de las siguientes alegaciones contenidas en la demanda:

"*Décimoséptima.*—Que en la misma fecha de la venta indicada, o sea en 22 de febrero, 1895, y por ante el mismo notario que autorizó la escritura pública de aquélla, es decir, don José Agustín de la Torre, en esta ciudad, se otorgó por José Severo Gorbea y Guadalupe García, como condueños de la finca indicada, carta de pago explicando cómo se pagaba el precio de la venta, y en ese documento se reconoció que también eran condueños de dicha finca don Manuel Nemesio Gorbea y José Faustino Gorbea, o sea sus hijos o sucesiones.

"*Décimoctava.*—Que en la contestación de fecha febrero 1, 1908, presentada por Josefa Portilla a una demanda enmendada presentada por la sucesión de José Faustino Gorbea en el pleito a que se refiere la alegación que sigue a la presente, dicha Josefa Portilla, refiriéndose a esas escrituras de venta y carta de pago de la finca descrita, manifestó que hecha ya esa venta doña Guadalupe García, condueña de la finca vendida, otorgó en unión de José Severo Gorbea carta de pago ante dicho La Torre en 22 de febrero, 1895, en la que se declaró que dicha Guadalupe García, los hijos de don Manuel Gorbea, los hijos de don José Faustino Gorbea, y don José Severo Gorbea, eran condueños de la casa vendida por José Severo Gorbea, y que del precio de la venta habían de recibir $1,050 los hijos de don Manuel Gorbea.''

El reconocimiento que de ellas se infiere tampoco puede variar la resolución de este caso porque desde el 22 de febrero de 1895 en que por José Severo Gorbea se reconoció que Manuel Nemesio y José Faustino Gorbea eran también condueños de la finca, al primero de mayo de 1934 en que según el secretario de la Corte de Distrito de San Juan se radicó la demanda original de este pleito, habían transcurrido ya los treinta años necesarios para la prescripción extraordinaria.

Por las razones expuestas deben desestimarse los errores 2, 3, 4, 5 y 6.

■ Tampoco se cometió el séptimo error señalado. Dijimos anteriormente que en 6 de mayo de 1935 radicaron los demandantes una demanda enmendada contra la cual inter-

pusieron los demandados la excepción previa de prescripción que la corte declaró con lugar por resolución de 11 de diciembre de 1935 y concedió diez días para enmiendas. La demanda enmendada radicada entonces por los demandantes en 28 de enero de 1937 no subsanó el defecto de que adolecía la anterior, y fué, por tanto, eliminada a moción de los demandados, ordenándose por sentencia del día primero de marzo de 1937 el archivo y sobreseimiento del caso. Sostiene el apelante que la corte erró al decretar el archivo y sobreseimiento de la demanda porque la alegación décimoséptima de la demanda radicada el día 6 de mayo de 1935 (véase supra) es distinta a la décimonovena de la radicada en 28 de enero de 1937. A nuestro juicio si bien es cierto que la fraseología de una y otra alegación es distinta, sus efectos son los mismos, por lo que tampoco incurrió la corte en el error apuntado. El reconocimiento a que los demandantes se refieren fué hecho, de acuerdo con ambas alegaciones, en 22 de febrero de 1895, y desde esa fecha al 5 de junio de 1934 transcurrieron, como ya se ha dicho, con exceso los treinta años necesarios para la prescripción extraordinaria.

El octavo error se refiere a la imposición de costas a los demandantes. La temeridad de los demandantes apelantes es patente, por lo que a nuestro juicio no debe modificarse la sentencia.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor De Jesús no intervino.