Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante el recurso de epígrafe comparece ante nos la apelante, Autoridad de Energía Eléctrica (“A.E.E.”) en el interés de que se revoque la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Guayama. En la referida sentencia se declaró justificado el dominio a favor de los apelados, Juan Regino Cintrón de Jesús y su esposa, Santa Rosa Ocasio, sobre un inmueble y se ordenó la: inscripción del mismo en el Registro de la Propiedad de Guayama.
Examinado la totalidad del expediente, resolvemos confirmar la sentencia apelada.
I
El 21 de julio de 1994, el apelado, Juan Regino Cintrón de Jesús, su esposa, Santa Rosa Ocasio y la Sociedad *929 Legal de Gananciales compuesta por ellos, sometieron ante el Tribunal de Primera Instancia, una petición sobra expediente de dominio. En síntesis, alegaron ser los dueños de una finca que se describió como sigue:

“Rústica: Parcela de terreno localizada en el Barrio Marín Bajo del término municipal de Patillas, Puerto Rico, con una cabida superficial de 2,428.3768 metros cuadrados. En lindes por el Norte con la Autoridad de Energía Eléctrica de Puerto Rico; por el Sur con la carretera estatal #181; por el Este con la carretera estatal #7759 y por el Oeste con la Autoridad de Energía Eléctrica de Puerto Rico. Radican en la parcela antes descrita dos edificaciones, una de ellas destinada a vivienda y la otra destinada al comercio el cual es conocido como El Colmado Cintrón”.

Juan Regino Cintrón de Jesús alegó en su petitorio que adquirió la finca en el 1986, mediante compra a sus padres, Pablo Cintrón Félix y Virginia de Jesús Morales. Estos, a su vez, habían adquirido por compra a la señora Angela Rosa, viuda de Don Pedro Santiago, quienes a su vez adquirieron por compra de Don Delfín Santiago y Doña Carmen Morales, quienes para el año 1928 poseían dicha propiedad en concepto de dueños.
Alegaron además, que tanto ellos como los dueños anteriores han estado en posesión de la finca a título de dueños, quieta, pública y pacíficamente, sin interrupción alguna desde sus respectivas fechas de adquisición por un término de más de treinta (30) años, uniendo la posesión de unos y otros. Alegaron carecer todos de título inscribible de dominio y solicitaron que se ordenara la inscripción de dicha propiedad en el Registro de la Propiedad correspondiente, a su nombre.
El 25 de octubre de 1994, la A.E.E. presentó una moción en oposición a lo solicitado por los apelados. En dicha moción, la A.E.E. alegó que la propiedad descrita en el expediente de dominio corresponde a terrenos pertenecientes a la A.E.E. Explicó que los terrenos fueron adquiridos en 1919 mediante compra a la señora María E. Figueroa, para la expansión del Lago de Patillas, constando dicho negocio en escritura pública.
La A.E.E. presentó varias denuncias contra el señor Regino Cintrón por invadir sus terrenos y construir en los mismos una estructura de hormigón. Las mismas no prosperaron.
Por último, alegaron haber recibido una comunicación escrita del señor Regino Cintrón, dirigida al Director Ejecutivo de la A.E.E., en la cual el apelado solicitó que se le permitiera continuar la reparación de las estructuras allí existentes. Conforme lo interpretara la A.E.E., el apelado admitió en la referida carta que los terrenos pertenecían a la A.E.E., que no estaba constmyendo nada permanente y que la construcción se levantó a cuatro pies de altura sobre el terreno para evitar que las aguas del lago invadieran la residencia; por ende, tales obras no causarían daños, ni obstruirían el curso de las aguas del lago.
Los apelados sostuvieron su titularidad sobre la finca. Argüyeron que Doña María E. Figueroa no podía transmitir título válido sobre tales terrenos dado que los apelados y dueños anteriores poseían los mismos en concepto de dueño desde el año 1928.
Respecto a la comunicación escrita, el apelado adujo que la misma era con el propósito de que la A.E.E. se abstuviera de querellarse en su contra ante la Administración de Reglamentos y Permisos (A.R.P.E.).
Trabada la controversia y celebrado el juicio, el tribunal a quo determinó que se había consumado la prescripción extraordinaria a favor de los apelados.
Por todo lo anterior, el tribunal dispuso de la petición de expediente de dominio a favor de los apelados y ordenó la inscripción del inmueble en el Registro de la Propiedad.
*930 No conforme con el dictamen, la A.E.E. acudió ante esta Curia alegando la comisión de los siguientes errores:

“Erró el tribunal a quo, al evaluar la prueba sometida y no determinar que un escrito sometido voluntariamente por el peticionario, solicitando a la Autoridad de Energía Eléctrica permiso para construir, es en realidad un reconocimiento expreso, o al menos tácito, de que los terrenos en controversia son propiedad de la Autoridad y no suyos.

Erró el tribunal a quo al no determinar que un reconocimiento expreso o tácito hecho por el poseedor,de un bien a favor del propietario, aun después de haberse consumado el término para la prescripción adquisitiva extraordinaria, interrumpe la posesión. ”

No le asiste la razón. Veamos.
II
La controversia ante nuestra consideración se circunscribe a determinar los efectos que tuvo la carta que envió el señor Regino Cintrón a la A.E.E. respecto a la posesión del inmueble en cuestión. A saber, si la referida carta constituyó un reconocimiento expreso o tácito que interrumpió la consumación de la prescripción extraordinaria. De entrada determinamos que la misiva no constituyó un reconocimiento por parte de los apelados de que la A.E.E. era la dueña de los terrenos donde ubica la finca en controversia.
La posesión es un hecho jurídico, a la vez que un derecho. Consiste en la tenencia de una cosa o el disfrute de un derecho por una persona. Se adquiere por la ocupación material de la cosa o por quedar la cosa sujeta a la acción de la voluntad de quien tiene el derecho a poseerla. 31 L.P.R.A. β1441; Nieves v. Bansander Leasing, _ D.P.R. _ (1994), 94 J.T.S. 115, Opinión de 2 de septiembre de 1994.
La posesión que se adquiere y se disfruta en concepto de dueño puede servir de título para adquirir el dominio de un bien. 31 L.P.R.A. β1462. Posee un inmueble en concepto de dueño aquél a quien la opinión general o creencia pública, por los actos que realiza con relación a la propiedad, considera el verdadero dueño del inmueble, independientemente de la creencia que sobre el particular pueda tener el propio poseedor. Vélez Cordero v. Medina, 99 D.P.R. 113 (1970).
Existen varios modos de adquirir la propiedad. Véase 31 L.P.R.A. 61931. Una de las formas en que se adquiere es mediante la figura de la usucapión o prescripción adquisitiva. La usucapión puede definirse como la manera de adquirir los derechos reales mediante el transcurso del tiempo y el cumplimiento de ciertos requisitos. 31 L.P.R.A. 65241. La usucapión, a su vez, puede darse en dos formas, ya sea de manera ordinaria o extraordinaria.
En el caso de autos, nos ocupa la prescripción extraordinaria. Dado el caso de la posesión de un inmueble sin justo título, para usucapir se requiere que la posesión sea ininterrumpida, pacífica, pública y en concepto de dueño por un término de treinta (30) años. Sánchez González v. Registrador de la Propiedad, 106 D.P.R. 361 (1977).
La sección 5281 del Título 31 de L.P.R.A. dispone las reglas para computar el tiempo requerido para la prescripción. El poseedor actual puede completar el tiempo necesario para la prescripción, uniendo el suyo al de su causante. Se presume que el poseedor actual, que lo hubiera sido en época anterior, ha continuado siéndolo durante el tiempo intermedio, salvo prueba en contrario.
*931 En cuanto a la interrupción de la prescripción, el Tribunal Supremo expresó que sólo procede como consecuencia de actos previstos en la ley realizados durante el curso del término estatutario para que aquélla tenga lugar y no por los realizados después de transcurrido dicho término y de haberse por ello consolidado el dominio en el poseedor. Una vez transcurrido el término dispuesto por ley, de inmediato se materializa o consolida el dominio en la persona que, en unión a sus anteriores dueños, ha poseído durante ese período con los requisitos de ley. Ex parte Reyes, 68 D.P.R. 854 (1948).
Alegado por el opositor de un expediente de dominio la interrupción de la posesión del promovente a virtud del pleito entablado por aquél, si a la fecha en que éste se instó ya dicho causante ha ganado el dominio por prescripción extraordinaria, tal pleito no puede afectar al dominio así ganado, ni tomarse en consideración a los efectos de la interrupción de la prescripción adquisitiva por el promovente. Bermúdez v. Morales, 42 D.P.R. 427 (1931). Cualquier interrupción posterior al transcurso del período prescriptivo fijado por el estatuto no puede de manera alguna perjudicar el dominio así adquirido por el poseedor. Véase, González v. Sucn. Roqué, 47 D.P.R. 522 (1934).
Surge de los documentos habidos en el expediente que la primera intervención que hizo la A.E.E. contra los apelados, en relación a la finca objeto de este recurso, fue en el 1992, mediante la presentación de una denuncia. Surge también del expediente que la posesión sobre tal propiedad, ejercida por los apelados y sus anteriores causantes, data desde el 1928. Por ende, ello nos obliga a concluir que pasado más de 60 años, se consumó la prescripción extraordinaria.
III
Dispone el Código Civil que cualquier reconocimiento expreso o tácito que el poseedor hiciere del derecho del dueño interrumpe asimismo la posesión. 31 L.P.R.A. β5269.
Ello no puede interpretarse en contravención a lo ya establecido mediante jurisprudencia. Dicho reconocimiento, para tener el efecto de interrumpir la posesión, debe hacerse antes de consumada la prescripción extraordinaria.
En el caso de autos, la A.E.E. trata de persuadimos a interpretar la carta enviada por el apelado como un reconocimiento de que la A.E.E. es la dueña de los terrenos donde ubica la finca objeto de este recurso. No nos persuade su argumento. Entendemos que el apelado no estaba solicitando permiso para construir. Por el contrario le estaba informando a la A.E.E. que la construcción que realizaría en nada los afectaría, con lo cual esperaba que la apelante desistiera de querellarse en su contra. Nos resulta claro que el propósito de la referida carta fue evitar que la A.E.E. obstaculizara la reconstrucción de la casa de los apelados.
En apoyo a su contención, la apelante cita jurisprudencia relacionada. Uno de los casos citados es Dávila v. Córdova, 77 D.P.R. 136 (1954). Ahora bien, lo que allí se dispone milita en contra de su posición. A saber, el Tribunal Supremo expresó que: “para probar la prescripción extraordinaria se exige que el poseedor no haya renunciado expresa o tácitamente a su título por prescripción por alguna causa que resulte eficaz en derecho para tal renuncia, desdpués de consumada la prescripción extraordinaria.” Por tanto, no estamos ante una interrupción de la prescripción como consecuencia de un reconocimiento expreso o tácito, como supone la apelante. Por el contrario, la interpretación correcta de dicha expresión es que un reconocimiento de tal índole produciría la renuncia del poseedor al título que adquirió por medio de la prescripción extraordinaria.
Entendemos que por medio de la carta enviada, el apelado no renunció al título adquirido sobre su finca.
Finalmente, este no es el caso que amerite que nos apartemos de la sabia norma que postula la no *932 intervención con la apreciación que de la prueba haga el tribunal de instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Sepúlveda v. Departamento de Salud, _ D.P.R. _ (1998), 98 J.T.S. 59, pág. 949, Opinión de 20 de mayo de 1998.
El tribunal de instancia no cometió los errores que se le imputan.
Habida cuenta de lo anterior, confirmamos la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General